INHABITANTS OF RAYMOND *vs.* INHABITANTS OF NORTH BERWICK.

*Pauper. Illegitimate child—settlement of.*

Under Pub. Laws of 1821, c. 122, § 2, illegitimate children followed, and had the settlement of their mother at the time of their birth.

An unemancipated, illegitimate, minor child, who lived with its mother on March 21, 1821, did not follow the new settlement thus gained by its mother, but retained the one derived from its mother at its birth.

ON EXCEPTIONS.

ASSUMPSIT for pauper supplies furnished by the plaintiffs to one Geo. A. Jones, a pauper found in need of relief in the plaintiff town.

The only question raised was that of settlement.

It appeared on the part of the plaintiffs, that certain pauper supplies were furnished by them to the pauper, found in their town, and in need of relief, in 1858; that the defendants, upon the usual seasonable notice given, paid the bill; that the pauper was found in Gray, in 1860, in need of relief, was supplied by that town, and that upon being notified, the defendants paid that bill.

The plaintiffs made out a *prima facie* case and stopped.

It appeared, on the part of the defendants, that Tobias Jones, the grandfather of George A. Jones, the pauper, had his settlement in North Berwick, and that he was the father of Levi Jones, who was the father of the pauper; that Tobias Jones was a mulatto, and that Abigail Green, his reputed wife, and the mother of Levi Jones was a white woman; that Levi Jones, a minor, together with his father, Tobias Jones, and his mother, brothers, and sisters, lived together as one family in the defendant town on March 21, 1821, and that they removed from that town within three years thereafter, and before Levi arrived at the age of twenty-one years, and that he never afterwards resided there.

The plaintiffs claimed that Levi Jones gained a derivative settlement in the defendant town from his father Tobias; and if he did not gain such settlement through his father, then through his mother, or in his own right, by actually dwelling and having his home in the defendant town on March 21, 1821.

The defendants contended that the marriage between Tobias Jones and Abigail Green was void, and that Levi Jones was therefore illegitimate and followed the settlement of his mother, and did not gain a settlement in his own right by his residence in North Berwick in 1821, nor derivatively from his father, Tobias Jones, and that the marriage between Levi Jones and his wife was void, and that George A. Jones, the pauper, followed and had the settlement of his mother, and not the settlement of Levi Jones.

But the court instructed the jury, that if the parents of Levi Jones were in fact married to each other before he was born, and afterwards lived together as husband and wife in good faith, believ-

ing the marriage to have been legal, and there was nothing to invalidate it except thatthe father was a mulatto and the mother a white woman, and the father, mother, and child were living together as one family in the defendant town, March 21, 1821, so that they all actually dwelt and had their homes there on that day, and neither of them had, within one year previous to that date, received support or supplies from any town as a pauper, it was immaterial whether Levi was to be regarded as the legitimate child of his father, or the illegitimate child of his mother, for if the former, he thereby acquired a settlement from his father, in the defendant town; and if the latter, he gained one in his own right, by actually dwelling and having his home there on that day.  To this ruling the defendants alleged exceptions.

·  *Howard & Cleaves*, for the plaintiffs.

,   1. The pauper had his settlement in the defendant town, as admitted by the payment of bills to Raymond, in 1858, and to Gray, in 1860.  *Harpswell* v. *Phipsburg,* 29 Maine, 313, 317 ; *Hallowell* v. *Augusta,* 52 Maine, 216.

2. If the marriage of Tobias Jones and Abigail Greene were void, she gained a settlement in the defendant town in her own right, it not appearing that she ever resided in any other town.

There is no evidence that the marriage was solemnized in this State, and was not therefore illegal by the laws of this State. *Medway* v. *Needham,* 16 Mass. 159.

·  3. Levi Jones was the legitimate son of Tobias, and acquired a derivative settlement from him in the defendant town ; and the pauper took his father's derivative settlement.  Levi's marriage to a white woman was not prohibited by law.  *Medway* v. *Natick,* 7 Mass. 88 ; Pub. Laws of 1821, c. 70, § 2.

4. If Levi was an illegitimate son by reason of the void marriage of his mother, then as he, a minor, together with his father, mother, brothers, and sisters were living together as one family, in the defendant town, on March 21, 1821, he would gain a settlement there, at that time, in his own right.  Pub. Laws of 1821, c. 122, § 2, mode 7.

Under such circumstances, the law would regard him as father-less, and emancipated from his mother, and would confer on him a settlement. He would be a child of the State, and protected by her laws. *Lubec* v. *Eastport*, 3 Maine, 220.

5. *Biddeford* v. *Saco*, 7 Maine, 272, affords no precedent for the defense. There the illegitimate children on March 21, 1821, were living with their mother, comprising part of her family, and depend-ent upon her, and therefore not emancipated. In case at bar, the father was the head of the family, and *de facto* controlled it; and this worked the emancipation of the son from his mother.

*A. A. Strout*, for the defendants.

APPLETON, C. J. This is an action of assumpsit to recover sup-plies furnished one George A. Jones, a pauper, found in distress and in need of relief in the plaintiff town. The settlement of the pauper, if in the defendant town, was derivative from his grand-father.

Tobias Jones, the grandfather of the pauper, had his settlement in the defendant town. He was a mulatto, and Abigail Greene, his reputed wife, and the mother of Levi Jones, the father of the pau-per, was a white woman. Their marriage was void, and their chil-dren illegitimate. *Bailey* v. *Fiske*, 34 Maine, 77.

Levi Jones, the case finds, was living with his father, in the de-fendant town, on March 21, 1821. At that time he was a minor. There is no evidence that he had been emancipated from the con-trol of his mother, and emancipation is not to be presumed. Being illegitimate and not emancipated by statute 1821, c. 122, § 2, he had the settlement of his mother at the time of his birth.

Where that settlement was at the time of the birth of the son, is nowhere shown. It was for the plaintiffs, to entitle them to re-cover, to prove it to have been in the defendant town. This they have failed to do.

Nor, though the mother might gain a new settlement by resi-dence in the defendant town on March 21, 1821, would the settle-

ment of the son, while a minor, accompany or follow that of the mother. It was held in *Biddeford* v. *Saco*, 7 Greenl. 270, that illegitimate children, under age, living with the mother on March 21, 1821, do not follow a new settlement acquired by her residence in some town in this State on that day, but retain the settlement, which she had at their birth.

It is not pretended that the pauper had, in any way, acquired, in his own right, a settlement in the defendant town. It is seen that his father not having any, he did not gain one by derivation, nor by residence.                                              *Exceptions sustained.*

KENT, WALTON, BARROWS, and TAPLEY, JJ., concurred.